IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JENNY EMMONS,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO.: CV-09-525 |
| **PINNACLE FINANCIAL GROUP, INC.** | § § § | |
| Defendants. | § | |

## COMPLAINT

**COMES NOW** the Plaintiff, JENNY EMMONS by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### FACTUAL ALLEGATIONS

3. Plaintiff is a resident of Baldwin County, Alabama.

4. Defendant is a debt collector as defined by the FDCPA and is incorporated in the State of Minnesota.

5. In early October 2008, the Plaintiff received a collection call from the Defendant concerning a debt owed to Suntrust Bank.

6. Plaintiff informed the Defendant that the debt was not owed by her and that she had disputed the debt with the credit reporting agencies and had even hired an attorney to represent her in a possible lawsuit against Suntrust Bank and ended the phone call.

7. The Defendant called the Plaintiff five more times during that day with the final call being around 10 p.m., and was again questioned about the Suntrust Bank account.

8. The Plaintiff once again informed Defendant that the debt was not owed by her and she was pursuing legal action against Suntrust, and to cease all phone calls to her.

9. The agent of the Defendant continued to interrupt the Plaintiff during the conversation and started to use offensive language to the Plaintiff and started to insult the Plaintiff, even calling her a "white mother f***ing b**ch."

10. Plaintiff immediately ended the conversation and was extremely upset and distraught over the verbal assault by the Defendant's agent.

11. Prior to filing this lawsuit, Plaintiff continued receiving numeras phone calls per day for several months concerning the debt.

12. Defendant continued to harass the Plaintiff regarding a debt she contested she did not owe and the Defendant failed to cease its collection practices regarding this account.

### COUNT ONE

### (FDCPA Violation)

13. The Defendant has violated the FDCPA. The Defendant's actions are in violation of the FDCPA in at least the following ways, by:

    a. Contacting Plaintiff with actual knowledge that she was represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2);

    b. Harassing Plaintiff in violation of 15 U.S.C. § 1692d;

    c.    Giving the Plaintiff misleading information in violation of 15 U.S.C. §§ 1691e(2)(A) and 1691e(4); and

    d.    Using unfair practices in violation of 16 U.S.C. § 1692f.

14.    Plaintiff alleges said debt is a consumer debt pursuant to 15 U.S.C. §1692a(5).

15.    As a result of the Defendants' violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;

    d.    For such other and further relief as may be just and proper.

**COUNT TWO**
**(Wantonness)**

16.    Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

17.    The actions taken by Defendants in attempting to collect from Plaintiff and the manner in which the collection efforts constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Negligence)

18. Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

19. Defendants at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing her account. This included the duty to take reasonable measures to ensure that the debts collected against Plaintiff were those actually owed by Plaintiff. Defendant also owed a duty not to engage in unreasonable collection efforts aimed only at harassing Plaintiff and coercing her to pay even though she disputed the debt.

20. Defendants breached the duties owed to Plaintiff. The collection actions taken against Plaintiff and Defendants' management of Plaintiff's account constitute negligence and Plaintiff has been damaged by Defendants' negligent actions.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendants for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**RESPECTFULLY** submitted on this the 14th day of August, 2009.

JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)
Attorneys for Plaintiff
Law Offices of Earl P. Underwood
21 South Section St.
PO Box 969
Fairhope, Alabama 36533
251-990-5558
251-990-0626
jpatterson@alalaw.com

**Plaintiff Demands Trial by Jury**

_____
JAMES D. PATTERSON (PATJ6485)